IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH CONDIT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 11-CV-602 |
| | ) |
| **RAILAMERICA, INC.,** | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**MOTION TO REMAND
AND FOR AN AWARD OF ATTORNEY FEES WITH COSTS**

**COMES NOW** the plaintiff in the above-styled cause, by and through the undersigned counsel, and pursuant to 28 U.S. C. §1445(a), moves to remand the present action to state court and for an award of attorney fees with costs.  Plaintiff adopts and incorporates by reference "Plaintiff's Evidentiary Submission in Support of Motion to Remand and in Support of Response in Opposition to Motion for Summary Judgment", filed contemporaneously herewith, (hereinafter referred to as "Plaintiff's Evidentiary Submission").  As grounds for and in support of this motion, the undersigned states as follows:

1

**I.     Introduction**

There is only one plaintiff and one defendant to this action. There is only one claim asserted, namely, a claim pursuant to the Federal Employer's Liability Act, ("FELA"), 45 U.S.C. §51 *et seq*.

In removing, the defendant, RailAmerica, Inc., ("RailAmerica"), employs, (and asks this Court to employ), a twisted, tortured analysis in order to find this removal to be proper. In short, RailAmerica would have this Honorable Court find jurisdiction over this FELA claim and at one in the same instance decide that there is no case or controversy upon which this Court can assert jurisdiction pursuant to Article III of the U.S. Constitution. Specifically, the defendant asks this Court to find that it has diversity jurisdiction over the parties and at the same time decide that the plaintiff's claim for relief under the FELA is without merit, or, as the defendant frames it, "fraudulent". Should this Court agree with RailAmerica that the plaintiff has failed to state a claim under the FELA, then there is no other "case or controversy" for this Court to preside over, because the FELA is the only claim asserted by the plaintiff. If there is any "fraud" being perpetrated here, it is by RailAmerica in that RailAmerica is abusing the removal statute, using it as a mechanism to have this Court decide the case on its merits - without discovery and without first presenting its argument before the state court where it was filed.

Moreover, what takes RailAmerica's removal from meritless to bad faith is that its removal flies in the in the face of a federal statute and decades of interpretative cases clearly and unequivocally making such cases non-removable.

28 U.S.C. §1445(a) explicitly states:

(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1–4 and 5–10 of the Act of April 22, 1908 (45 U.S.C. 51–54, 55–60), **may not be removed to any district court of the United States**. [emphasis added]

In an attempt to justify this improper removal, RailAmerica claims the plaintiff has "fraudulently joined" claims to defeat removal. As there is only one claim, (broken down into two counts), and as there is only one defendant, there can be no "joinder" of claims or defendants that could be viewed as "fraudulent" to defeat removal.

## II.    Procedural History

On or about September 12th, 2011, plaintiff filed his Complaint in the Circuit Court of Wilcox County, Alabama. On or about September 30th, 2011, the defendant was served with the Summons & Complaint. On or about October 21st, 2011, the defendant filed its Notice of Removal. This Motion to Remand is timely filed.

## III.   Factual Background

Contrary to RailAmerica's argument in support of removal, there is ample

evidence from which a state or a federal court could find that RailAmerica is a common carrier by railroad and engages in all of the indicia of railroading, including setting rates, tariffs, switching fees and policies, and operating railroads to carry goods in interstate commerce.

For example, in its October 27th, 2011 quarterly report to the Securities and Exchange Commission and to its investors, RailAmerica proudly boasts that:

> *Organization*
> RailAmerica is **a leading owner and operator of short line and regional freight railroads in North America**, *operating* a portfolio of 43 individual railroads with approximately 7,400 miles of track in 27 states and three Canadian provinces. The Company's principal operations consist of rail freight transportation and ancillary rail services. [emphasis added]

(RailAmerica Quarterly S.E.C. filing, p. 6, "Exhibit 1" to Plaintiff's Evidentiary Submission).

Additionally, in this same document generated by RailAmerica, its President and Chief Executive Officer, as well as its Vice President and Chief Financial Officer, certify that "...this report does not contain any untrue statement of a material fact..." (*Id.* at "Exhibit 31.1" & "Exhibit 31.2" of RailAmerica Quarterly S.E.C. filing).

In this same certified disclosure, RailAmerica, advises its shareholders of RailAmerica's liability for employee injuries:

> The Company is subject to claims for employee work-related and

third-party injuries. **Work-related injuries for employees are primarily subject to the Federal Employers' Liability Act ("FELA").** [emphasis added]

(*Id.* at p. 13).

It is beyond dispute that, pursuant to State and S.E.C. laws and regulations, a corporation like RailAmerica owes a duty of candor to the S.E.C. and to its shareholders. So, too, RailAmerica's general counsel owes a duty of candor to this Court[1]. Comparing what RailAmerica tells the S.E.C. and its shareholders to what RailAmerica's general counsel tells this court[2] exposes a conflict in candor.

It is clear from the above-quoted statements that RailAmerica holds itself out as both an "owner and operator" of freight railroads. In stark contrast to its statements to its shareholders, RailAmerica's general counsel represents to this Court by self-serving declaration that:

> RailAmerica does not own, lease, operate, or maintain any locomotives, railroad cars or other rolling stock, railroad equipment, track, or a

---

[1] Alabama Rules of Professional Conduct, Rule 3.3 (1)(a)(1) states "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal."

[2] Declaration of Scott Williams, general counsel for RailAmerica, Inc., Exhibit A to RailAmerica's Notice of Removal, hereinafter "Williams' Declaration").

railroad in Alabama[3] or elsewhere[4]. RailAmerica **has never conducted railroad operations of any sort in Alabama or elsewhere. All railroad operations are conducted by subsidiaries.** [emphasis added] (Williams' Declaration, ¶¶ 11-12).

The contrast is similarly stark between what RailAmerica Switching Services Vice President Donald Seil, ("Seil"),tells this Court in a self-serving declaration about the control over the plaintiff's employment and what the plaintiff has to say about the same issue.

By declaration, Seil states that:

*     RailAmerica did not hire the plaintiff (¶20);

*     Plaintiff was not trained by RailAmerica, Inc.(¶19);

*     Plaintiff was not directed, controlled or supervised by RailAmerica, Inc.(¶15);

*     RailAmerica, Inc. never prepared the work assignments for plaintiff (¶22).

(Declaration of Donald Seil, Exhibit B to RailAmerica's Notice of Removal).

---

[3] *See* RailAmerica Press Release, Exhibit 5 to Plaintiff's Evidentiary Submission: "RailAmerica, Inc. (NYSE: RA) announced today that it has completed its acquisition of three **Alabama railroads** for $12.7 million in cash." [emphasis added]

[4] *See* photo of RailAmerica 4028 locomotive, Exhibit C to Condit Declaration, (cited *infra),* operated routinely at the International Paper plant in Pine Hill, Alabama, where the plaintiff was injured.

Scott Williams adds that "[N]o employee of RailAmerica ever prepared any safety or general operation rules for the Plaintiff's work." (Williams' Declaration, ¶ 23).

Not only is the testimony contained in these self-serving, conclusory declarations in conflict with RailAmerica's disclosure to the S.E.C. and its shareholders, it is also in conflict with the plaintiff's personal experience. By declaration, the plaintiff, Joseph Condit, ("Condit"), states as follows:

* Condit applied for a job at a RailAmerica, Inc. office and believed that when hired he was working for RailAmerica, Inc, a railroad; (¶2)

* Once hired, Condit was trained by RailAmerica, Inc. at what he believed to be a RailAmerica, Inc./Alabama Gulf Coast Railway building in Cantonment, Florida; (¶3)

* As part of Condit's employment, training and preparation for railroad work, RailAmerica, Inc. gave him railroad rules, operating rules, safety rules and hazard material books which directed and controlled his everyday railroad work; (¶4) *(See* Exhibits A & B to Condit Declaration).

* While performing railroad work, Condit was routinely given a yard checklist, listing the cars in each track which gave him information needed to pull and place railroad cars. The yard checklist bore the title of RailAmerica, Inc. and

    Alabama Gulf Coast Railway; (¶5)

\*   The locomotive being used to switch cars at the place Condit worked in Pine Hill, Alabama bore the name of RailAmerica and AGR which stood for Alabama Gulf Coast Railroad; (¶6) (*See* Exhibit C to Condit Declaration).

\*   When railroad cars at the workplace in Pine Hill needed repair, RailAmerica, Inc would be called for repairs; (¶7)

\*   The documents for cars to be shipped out contained the name of RailAmerica and Alabama Gulf Coast Railroad; (¶8)

\*   When he was hired on by RailAmerica, Inc. Condit signed up for group insurance benefits by RailAmerica, Inc. and signed up according to directions provided by RailAmerica, Inc.; (¶9) (*See* Exhibit D to Condit Declaration).

\*   When Condit was hired on by RailAmerica, Inc. he was identified as a RailAmerica, Inc. employee subject to the RailAmerica, Inc. ethics rules.  In the new employee sign-up package, Condit was warned that violation of any RailAmerica, Inc.'s  Ethics Rules could lead to discipline; (¶10) (*See* Exhibit D to Condit Declaration).

\*   Condit's Dental benefits were provided by the RailAmerica Inc. Delta Dental plan; (¶11) (*See* Exhibit D to Condit Declaration).

\*   Condit's medical benefits were provided by the RailAmerica Inc. Blue Cross

and Blue Shield of Florida Plan; (¶12) (*See* Exhibit D to Condit Declaration).

\*      Condit's life insurance benefits were provided by the RailAmerica Inc. Prudential Insurance Plan; (¶13) (*See* Exhibit D to Condit Declaration).

\*      In order to get these benefits Condit had to enroll at the RailAmerica website https://railamerica.benelogic.com/ (¶14). (*See* Exhibit E to Condit Declaration). (Declaration of Joseph Condit, Exhibit 2, to Plaintiff's Evidentiary Submission).

Even a cursory review of RailAmerica's website[5] reveals that:

\*      RailAmerica, Inc. advertises to provide the switching services performed by the plaintiff (AGR-7006-12, pp. 1-5, Exhibit 3, to Plaintiff's Evidentiary Submission");

\*      Rail America, Inc. sets the pricing for the switching services performed by the Plaintiff (RA-1000 Tariff Plan, pp. 1-4, Exhibit 4, to Plaintiff's Evidentiary Submission);

\*      RailAmerica, Inc. charges the customers for the switching services performed by the plaintiff.(*Id.*).

\*      RailAmerica, Inc. holds itself out to the public as an owner and **operator** of freight railroads, **including the State of Alabama,** boasting that

---

[5]www.railamerica.com

"RailAmerica, Inc. owns and operates short line and regional freight railroads in North America, operating a portfolio of 43 individual railroads with approximately 7,400 miles of track in 27 U.S. states and three Canadian provinces." (RailAmerica Press Release, dated 5/11/2011, Exhibit 5 to Plaintiff's Evidentiary Submission).

## IV.   Legal Standard

It is well-settled that "[a] removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes are construed narrowly, with all doubts resolved in favor of remand. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) ("removal statutes should be construed narrowly, with doubts resolved against removal"); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction). "In reviewing matters concerning removal and remand, it is axiomatic that ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) (citation and internal quotation marks omitted). Moreover, it is without dispute that "[t]he existence of federal jurisdiction is tested

at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). As such, for purposes of a Motion to Remand, the district court focuses on jurisdictional facts as they appeared when defendant filed the Notice of Removal. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.").

The burden is on the removing party to establish fraudulent joinder. *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997). The burden is a heavy one. *Id.* The district court is to evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff. *Id.* If there is even a possibility that the state court would find that the complaint states a cause of action against the defendant, the district court must find that joinder was proper and remand the case. *Id.* Thus, "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* The plaintiff need only show that there is a *possibility* of a valid claim asserted against a defendant, and need not meet the heavier burden of whether the plaintiff's claim could survive a summary judgment motion in the federal court. *Id.* at 1541. "[T]he plaintiff's burden is much lighter than that." *Id.*

## V.     Argument and Citation to Authority

As previously stated, there is no joinder in the present case, therefore all the cases relied on by RailAmerica in support of its fraudulent joinder argument are inapposite. RailAmerica seeks from this Court an order on the merits of the plaintiff's one and only stated cause of action - the FELA. This is not a proper basis for removal, particularly in light of the statutory prohibition against removal of FELA claims. RailAmerica can demonstrate no objectively reasonable basis for removing this action.[6]

Because RailAmerica asserts a merits-based argument as *the* ground for removal, "[t]he initial question is whether the prohibition against removal found in section 1445(a) applies when the defendant asserts that the complaint fails to state a cause of action under the FELA. We think that it does." *Yawn v. Southern Ry. Co., et al.,* 591 F.2d 312, 316 (5th Cir. 1979).[7] Lack of sufficiency of a FELA complaint is not a proper ground for removal. *Id.* In the instant case, RailAmerica has the heavy burden of proving that the plaintiff's FELA allegations "are so baseless as to constitute a fraudulent attempt to evade removal to federal court." *Id.* at 317.

---

[6] Thus meriting an award of just costs and actual expenses, including attorney fees incurred as a result of improper removal. *See, e.g., Taylor Newman Cabinetry, Inc., et al., v. Classic Soft Trim, Inc.,* 2011 WL 2150183 (11th Cir., May 31st, 2011).

[7] Pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), this Fifth Circuit opinion is binding authority.

Discussion of two district court cases on point is useful. In the case of *Smith v. Norfolk S. Ry Co.*, 2009 WL 960684(C.D. Ill., April 8th, 2009), the district court was faced with virtually the same scenario as before this Honorable Court. In *Smith*, the defendant removed the case to federal court, alleging that there was no reasonable basis in fact and law for plaintiff's claim under the FELA because the plaintiff was not an employee of the defendant. *Id.* at 1. As in the case at bar, the railroad defendant filed a motion for summary judgment on the heels of its notice of removal. *Id.* at p. 2. However, discussing and agreeing with the analysis of another district court opinion, *Gowdy v. Norfolk S. Ry. Co.,* 2007 WL 1958592, (S.D. Ill., July 2nd, 2007), the *Smith* court held that the plaintiff's complaint had "properly pled all of the elements of a FELA claim" and that "the evidence presented by the defendant leaves open the possibility that plaintiff could have a cognizable FELA claim, especially considering the fact-intensive nature of the question before this court". *Id.* at p. 4. The *Smith* court stated that "[t]his court cannot conclude that Plaintiff's claim is 'fraudulent' so that this court can ignore the nonremovable claim for determining removal jurisdiction." *Id.*

In the case of *Fritchman v. Norfolk Southern,* 2009 WL 722301 (E.D.Pa., Mar. 17, 2009)), the plaintiff brought a claim state court under the FELA which was removed by the railroad defendant. In the face of 28 U.S.C. §1445(a), the railroad

nonetheless asked the federal court to apply the "fraudulent joinder' analysis. The federal court declined to exercise jurisdiction stating "there is no basis in fact or law justifying removal here." *Id.* at 4.

Defendant RailAmerica's attempted removal is wholly unsupported by law or fact, justifying immediate remand and calling for attorney's fees and costs pursuant to 28 U.S.C. 1447( c). The evidence submitted in support of this Motion to Remand demonstrates far more than a reasonable possibility the plaintiff will prevail on his F.E.L.A. claim. Plaintiff has presented evidence that RailAmerica is an owner and operator of freight railroads in interstate commerce and therefore a "common carrier" as defined by the Federal Employer's Liability Act. RailAmerica advertises for and provides railroad services which include moving freight in interstate commerce and switching freight railroad cars. In its statement to shareholders, RailAmerica in its own corporate filings admits it is subject to liability under the Federal Employer's Liability Act for injuries to its employees. RailAmerica is estopped from denying the same claim of FELA applicability in the present case.

Additionally, plaintiff, Condit, has provided clear evidence demonstrating the he was an employee of RailAmerica, Inc. Condit was hired by RailAmerica, Inc. and identified in initial documents as a RailAmerica, Inc. employee. Plaintiff was trained by RailAmerica, Inc., at RailAmerica, Inc. facilities in Cantonment Florida. Condit

14

worked under railroad rules which defined and controlled his day to day work activities and the undisputed evidence is that those rules were promulgated by RailAmerica, Inc. If Condit failed to follow the rules provided by RailAmerica, Inc. he was subject to automatic termination. These facts satisfy the requisite control or right to control a railroad employee under *Kelley v. S. Pac. Co.,* 419 U.S. 318, 324, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974).

### VI.    Conclusion

Congress has mandated pursuant to 28 U.S.C. §1445(a) that the FELA cases brought in state court shall not be removed to Federal Court. Defendant RailAmerica, Inc., has ignored this clear mandate at its own peril. By providing misleading representations to this Honorable Court, and employing twisted logic, RailAmerica seeks to circumnavigate a clear jurisdictional bar. Such circumstances warrant the application of 45 U.S.C. 1447( c) providing for "just costs and any actual expenses, including attorney fees" a sanction for a removal conducted in bad faith.

**WHEREFORE**, the Plaintiff moves this Honorable Court to remand this action to the state court from which it was removed. Additionally, as RailAmerica can demonstrate no objectively reasonable basis for its removal to this Court, the undersigned counsel also seeks the award of costs and attorney fees.

This the 21st day of November, 2011.

          Respectfully Submitted,

          /s/ Rex W. Slate
          Rex W. Slate (SLA020)

          Attorney for Plaintiff, Joseph Condit.

**Of Counsel:**
Donaldson & Guin, LLC
505 20th Street North
Ste. 1000
Birmingham, Alabama 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
Direct Dial: (205) 503-4511
rexs@dglawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2011, I have filed the foregoing via the Court's CM/ECF System, which will automatically send a copy of the foregoing to attorneys of record in this case, and that I have also sent a copy of the foregoing by United States First Class mail, postage prepaid, on any non-CM/ECF participants listed below:

Turner B. Williams, Esq.
Mark M. Lawson, Esq.
Eric Lee, Esq.
Michael D. Strasavich, Esq.
Attorneys for Defendant, RailAmerica, Inc.
BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama 35203

Stephen M. Tunstall, Esq.
Attorney for Plaintiff, Joseph Condit
STEPHEN M. TUNSTALL, ESQ.
Post Office Box 152
Mobile, Alabama 36601-0295

John M. Gibbs, Esq.
Attorney for Plaintiff, Joseph Condit
GIBBS & SELLERS, P.C.
108 North Walnut Street
P.O. Box 1276
Demopolis, Alabama 36732

                                          /s/ Rex W. Slate
                                          Of Counsel